**BARTA v. LOESSIN, Sheriff, et al.**

**No. 9567.**

Court of Civil Appeals of Texas. Austin.

June 19, 1946.

Rehearing Denied July 10, 1946.

C. C. Jopling, of LaGrange, for appellant.

Moss & Moss, of LaGrange, for appellees.

732

BAUGH, Justice.

The appeal is from judgment of the district court refusing appellant's application for an injunction to restrain the Sheriff of Fayette County from sale of appellant's property under execution issued out of the justice court of Precinct No. 7, Fayette County, Texas. The application was made on the ground that the judgment on which the execution issued was void.

The judgment attacked was rendered by a special justice of the peace of Precinct No. 7, on August 17, 1940, in favor of Emil Kana against Leon J. Barta, by default, for $8.42. After that suit was filed and citation issued, the regular justice of the peace in that precinct, after making docket entries not material here, pursuant to Art. 2399, R.C.S., certified to the County Judge his disqualification, on the ground that he was related to the defendant; that the parties had failed to agree on some qualified person to try the case; and requested that a special justice of the peace be appointed for that purpose. The County Judge appointed H. R. Clark, who, as special justice of the peace, tried the case and entered the default judgment above mentioned.

Art. 2399 provides:

"If a justice be disqualified from sitting in any civil case, or is sick or absent from the precinct, the parties to such suit may agree upon some person to try the case; and, should they fail to agree at the first term of the court after service is perfected, the county judge in whose county said case is pending, shall, upon the application of the justice in whose court said cause is pending, or upon the application of either party to said suit, appoint some person who is qualified to try said cause. The fact of the disqualification of the justice and the selection by agreement or appointment of some other person to try said cause shall be noted on the docket of said justice in said cause."

The contention that Art. 2393, R.C.S., applies is without merit. That Article relates to the original filing of such suit. Having been filed in Precinct No. 7, and citation issued, the disqualified justice of the peace could properly have transferred it to the nearest justice in the county (Morris v. Foreaker, 4 Willson Civ.Cas.Ct.App. § 37, 15 S.W. 37); but was not required to do so. Art. 2399 provides an adequate remedy in such case and was followed in the case here involved.

As we understand appellant's main contention, it is that the provisions of Art. 2399 are mandatory, and that unless strictly complied with by the justice of the peace who is disqualified, any appointment made by the County Judge is void. This contention is obviously untenable. The provisions of that Article are for the most part clearly permissive. When the justice of the peace certifies his disqualification, and the reasons therefor, the facts certified by him to the County Judge are, as against a collateral attack subsequently made on the judgment, clearly conclusive.

Nor does the fact that Clark was the regular justice of the peace for Precinct No. 8 disqualify him to act as special justice of the peace for the particular case in Precinct No. 7. 25 Tex.Jur., § 74, p. 323.

It is also urged that said judgment is void because the record does not affirmatively disclose that Clark took the oath of office as such special justice of the peace. If this were a direct appeal from a judgment rendered by a special judge, this contention might be valid. But here the attack is admittedly collateral. The burden rested upon the appellant to prove that the judgment was void. As against this burden, the record shows a regular appointment of such special justice by the County Judge as provided by law; the rendition of judgment by him which is regular on its face, and recites all jurisdictional requirements to its rendition. It was, therefore, entitled to all presumptions in favor of its validity; and as against a collateral attack made some six years after its rendition, appellant was required to prove otherwise. 25 Tex.Jur., §§ 323 and 324, pp. 840–843. This he failed to do. Absent any proof that the special justice did not take oath as such, the presumption in favor of validity of the judgment prevails. The judgment of the trial court is therefore affirmed.